UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

In Re:

Michael E. Hedke and
Kiersten M. Hedke

Case No.: 14-01042
Chapter 13 Proceeding
Honorable James D. Gregg

Debtor(s)

## DEBTORS' OBJECTION TO CLAIM OF RJM ACQUISITIONS, DOCKET NUMBER 5

NOW COME the Debtors by their Attorneys, Debt Relief Legal Clinic, PLLC, and hereby objects to the claim filed on behalf of RJM Acquisitions and state in support as follows:

1. This case was commenced by the filing of a petition with the Clerk of this court on 2/24/2014.

2. Creditor RJM Acquisitions filed a purported proof of claim in the amount of $95.90.

3. The debtor does not owe any money to creditor or have any credit relationship with creditor. The claim does not provide sufficient data regarding the origination and transfer of the account. Debtor alleges that the creditor was not a creditor of the estate on the date the petition was filed. Creditor failed to file a statement of assignment or transfer of claim.

4. The claim is not supported by any written evidence of an enforceable agreement or a contract that establishes the debt between the debtor and creditor or between debtor and an alleged predecessor in interest.

5. Upon information and belief, the creditor is a debt buyer. The claim does not provide any verification of ownership or information as to how the account was purchased or transferred and how the liabilities were determined. The documents filed do not give fair notice

of the conduct, transaction or occurrence that forms the basis of the claim asserted.  Debtor alleges that the claimant was not a creditor of the estate on the date the proof of claim was filed.

6. The claim form is incomplete.  The attachment to the proof of claim form, if any, does not qualify as an "account summary" and is not sufficient to establish the prima facie validity of the proof of claim.  The claim is without any evidentiary value and is unenforceable against the debtor and the debtor's property under any agreement or applicable law pursuant to 11 U.S.C. § 502(b)(1).

7. This debt is barred by the six-year Michigan Statute of Limitations as set out in MCL 600.5807.

WHEREFORE, Debtors move this Court for relief as follows:

1. That the Court directs the Chapter 13 Trustee to strike the claim of RJM Acquisitions;

2. That the claim should be entirely disallowed as it fails to comply with the mandatory requirements of Rule 3001(c);

3. That the claim should be entirely disallowed as the creditor failed to provide verification of ownership, a copy of the agreement authorizing the charges and fees included in the claim, invoices and statements, proof of late fees, over limit fees, finance charges, attorney fees, interest and the interest rates used to compute the alleged balance and the explanation and breakdown of the elements used in each of the calculations;

4. That the claim should be entirely disallowed as it is barred by the statute of limitations, even if the creditor is able to correct the document deficiencies;

5. That the creditor be precluded from filing any amended, modified or substituted claim in this case;

6.  That the debtor has such other and further relief as the Court may deem just and proper.


Dated:   6/27/2014   /s/ Kristen L. Krol
Kristen L. Krol (P55103)
Debt Relief Legal Clinic, PLLC
Attorneys for Debtor
4710 W. Saginaw Highway, Suite 7
Lansing, Michigan 48917-2654
517-321-6804 ♦ debtrlc@drlc.com